# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNETH LEWIS FAULKNER, | Case No. 1:17-cv-00810-LJO-SAB-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| FRED FOULK, | |
| Respondent. | |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously

1 discoverable through due diligence, and these new facts establish by clear and convincing 2 evidence that but for the constitutional error, no reasonable factfinder would have found the 3 applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

4 However, it is not the district court that decides whether a second or successive petition 5 meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive 6 application permitted by this section is filed in the district court, the applicant shall move in the 7 appropriate court of appeals for an order authorizing the district court to consider the 8 application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can 9 file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656– 10 657 (1996). This Court must dismiss any second or successive petition unless the Court of 11 Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter 12 jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

13 In the instant petition, Petitioner challenges his 2006 convictions in the Kern County 14 Superior Court for violations of California Penal Code section 647.6. (ECF No. 1 at 2).[1] 15 Petitioner previously filed federal habeas petitions in this Court challenging the same 16 convictions. See Faulkner v. Mule Creek State Prison, No. 1:08-cv-00806-JMD (denied with 17 prejudice); Faulkner v. Knipp, No. 1:11-cv-01163-LJO-MJS (dismissed as unauthorized 18 successive petition); Faulkner v. Spearman, No. 1:17-cv-00695-DAD-SKO (findings and 19 recommendation to dismiss petition as successive); Faulkner v. Davies, No. 1:17-cv-00752- 20 DAD-SAB (petition for writ of habeas corpus filed by Petitioner pro se).[2]

21 The Court finds that the instant petition is "second or successive" under § 2244(b). 22 Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this 23 petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive 24 petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief 25 under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

26 ///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2017**

UNITED STATES MAGISTRATE JUDGE